

CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA, FILED

MAR 0 7 2008

BY: JOHN F. CORCORAN, CLERK
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

REBECCA A. HUFF, ) 
                              )         Civil Action No.  5:07CV00066
       Plaintiff, ) 
                              ) 
v.                           )         **MEMORANDUM OPINION**
                              ) 
MICHAEL J. ASTRUE, ) 
Commissioner of Social Security, )     By:     Honorable Glen E. Conrad
                              )                  United States District Judge
       Defendant. ) 

Plaintiff has filed this action challenging the final decision of the Commissioner of Social

Security denying plaintiff's claims for disability insurance benefits and supplemental security income

benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. §

1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C.

§ 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now

before the court are whether the Commissioner's final decision is supported by substantial evidence,

or whether there is "good cause" to necessitate remanding the case to the Commissioner for further

consideration. See 42 U.S.C. § 405(g).

The plaintiff, Rebecca A. Huff, was born on June 10, 1966, and eventually completed the

twelfth grade in school. Ms. Huff has worked as a bookbinder, packer, cashier, machine operator,

and newspaper deliverer. She last worked on a regular and sustained basis in 2003.[1] On October

14, 2004, Ms. Huff filed applications for disability insurance benefits and supplemental security

income benefits. Ms. Huff alleged that she became disabled for all forms of substantial gainful

employment on December 15, 2003 because of pain in her lower back and neck caused by an

---

[1] While Ms. Huff also worked for a short period of time in 2004, the Administrative Law Judge determined that such employment was not substantial gainful activity because she only performed the work for a short period. (TR 19).

automobile accident. She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms. Huff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. § 414.

Ms. Huff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 13, 2006, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Huff experiences severe impairments due to low back and neck pain. Despite these impairments, the Law Judge held that plaintiff retains sufficient functional capacity to return to her past employment activity as a produce worker, cashier, and bindery shipper. (TR 21). Accordingly, the Law Judge ultimately concluded that Ms. Huff is not disabled, and that she is not entitled to benefits under either federal program. See, gen., 20 C.F.R. § 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Huff has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the

2

claimant's education, vocational history, residual skills, and age. <u>Vitek v. Finch</u>, 438 F.2d 1157, 1159-60 (4th Cir. 1971); <u>Underwood v. Ribicoff</u>, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. It is undisputed that Ms. Huff suffered physical injuries in an automobile accident on December 15, 2003. As noted above, the Administrative Law Judge found that plaintiff now experiences severe impairments because of low back and neck pain. In determining that plaintiff's impairments are not disabling, the Law Judge rejected the findings and opinions of Ms. Huff's treating orthopedic specialist, Dr. Daniel L. Zimet. The record reveals that Dr. Zimet is a board certified orthopedic surgeon. Having reviewed the record, the court is unable to conclude that the reasons given by the Law Judge for discrediting Dr. Zimet's report are supported by substantial evidence. The court finds "good cause" for remand of this case to the Commissioner for additional development and consideration.

In rejecting Dr. Zimet's findings and opinions, the Administrative Law Judge commented as follows:

> On January 4, 2005 Dr. Daniel Zimet, her treating orthopedic surgeon, stated that the claimant can only lift 5 pounds, can stand and walk for 0-2 hours a day, sit for 0-2 hours a day and for a maximum of 15 minutes, cannot stoop, climb, balance, crouch, kneel, crawl or push and pull. This opinion is over one year old and is not supported by her history of conservative treatment and negative neurological exams. It is also contrary to his March 2004 statement that she could perform light work and there is no evidence that her condition worsened between March 2004 and January 2005 (Exhibits 4F, 7F, and 10F). Therefore, the undersigned rejects the January 2005 opinion of Dr. Zimet.

(TR 20-21). The Law Judge relied on reports from a nonexamining state agency medical consultant in ruling that plaintiff retains sufficient functional capacity for a full range of light exertion.

3

Case 5:07-cv-00066-GEC    Document 14    Filed 03/07/08    Page 3 of 6    Pageid#: 40

The court is simply unable to conclude that the reasons assigned by the Law Judge for discounting Dr. Zimet's opinions and assessments are supported by substantial evidence. First, the medical record does not support the notion that Dr. Zimet's reports are bereft of notation of positive neurological findings. On numerous occasions, the orthopedic surgeon noted definite neurological deficits. (TR 209, 210, 213, 214, 287, 289, and 290). Dr. Zimet's reports describing various neurological deficits cover a period of time from May 11, 2004 through November 22, 2005. The Law Judge's characterization of Dr. Zimet's clinical notes as descriptive of "negative neurological exams" is simply not supported by the record. As for the Law Judge's implication that plaintiff's problems are not disabling because she has a "history of conservative treatment," the record gives some reason to believe that plaintiff has not pursued more rigorous treatment measures due to a lack of insurance. (TR 290, 313). Moreover, there is no clear indication that any invasive treatment measures have been recommended.

The Law Judge correctly points out that on March 16, 2004, at the time of one of his earlier examinations, Dr. Zimet opined that plaintiff was ready for light work. (TR 216). Two months later, Dr. Zimet observed that plaintiff was "probably good for gradual recovery over one year post MVA" and that she could return to work in one month. (TR 214). Indeed, it was only later, on January 4, 2005, after seeing Ms. Huff on an almost monthly basis, that Dr. Zimet produced the physical limitations assessment which is suggestive of disability for all forms of exertion. Thus, the court finds no evidence to support the finding that Dr. Zimet's assessment should be rejected simply because he considered Ms. Huff's condition to be amenable to treatment at an earlier point in time. Indeed, it would seem to the court that the credibility of Dr. Zimet's assessment is enhanced by virtue of the fact that he initially considered Ms. Huff's symptoms to be subject to control, and that

4

he became convinced that she was disabled only after a six month period of observation and treatment.

Finally, the court notes that the Law Judge relied on the fact that a state agency physician reviewed some of the medical evidence of record and concluded that plaintiff's physical problems do not result in such serious physical restrictions as those noted by Dr. Zimet. The state agency report in question was authored by Dr. M. Morjaria, who appears to be an internist rather than an orthopedic specialist such as Dr. Zimet. (TR 222-227). In the state agency report, Dr. Morjaria summarizes all of the medical record existing as of the date of the report. Dr. Morjaria merely concludes that claimant's statements as to her physical limitations are only "partially credible." (TR 227). More notably, a review of Dr. Morjaria's report indicates that the physician did not consider Dr. Zimet's physical assessment of January 4, 2005. This is the report which forms the basis for plaintiff's claim of total disability. The court does not believe that the Law Judge could properly rely on the state agency report in which the crucial assessment of Dr. Zimet is not considered.[2]

More generally, the court notes that under the governing administrative regulations, greater weight should be accorded to the opinion of a medical source who has actually examined a claimant. 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1). As noted above, Dr. Zimet has seen Ms. Huff on almost a monthly basis since the time of her motor vehicle accident, whereas Dr. Morjaria has never actually examined the plaintiff. Moreover, under the administrative regulations, greater weight should be accorded to the opinions of treating sources, such as Dr. Zimet, who have actually treated the claimant. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). Finally, the regulations recognize that more weight should be given to the opinion of a specialist, such as Dr. Zimet, in assessing medical

---

[2] While another state agency physician "signed off" on Dr. Morjaria's report several months later, there is still no indication that Dr. Zimet's report and assessment of January 4, 2005 were considered.

5

issues related to the area of specialization. 20 C.F.R. §§ 404.1527(d)(5) and 416.927(d)(5). At the very minimum, it seems to the court that if the Commissioner felt that there was good reason to believe that Dr. Zimet's assessment was faulty, incomplete, or inconsistent, the appropriate course would have been to require Ms. Huff to submit to examination by a qualified medical consultant selected by the Commissioner. See 20 C.F.R. §§ 404.1517 and 416.917.

On the other hand, the court is unable to conclude, on the basis of the present record, that plaintiff has met the burden of proof in establishing total disability for all forms of substantial gainful employment. The court agrees that Ms. Huff's testimony at the administrative hearing was not overly remarkable, and does not necessarily support a finding of disability based solely on the injuries suffered in the automobile accident. Moreover, the court is not fully convinced that the current medical record supports a finding of disability for less than a full range of sedentary exertion. At the administrative hearing, the Administrative Law Judge operated under an assumption of residual functional capacity for a full range of light exertion. Thus, the vocational expert who testified at that hearing was not questioned as to plaintiff's ability to engage in less than a full range of sedentary work, given her particular age, education, and prior work skills. In short, the court believes that further development of the medical and vocational record is necessary before Ms. Huff's claims for benefits can be properly decided.

For the reasons stated, the court has found "good cause" for remand of this case to the Commissioner for further development and consideration. An appropriate order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 7th day of March, 2008.

_____
United States District Judge